**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4810**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

JAMES LESTER ROUDABUSH, JR.,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Senior District Judge. (1:13-cr-00195-CMH-1)

Submitted:  June 30, 2014                Decided:  July 18, 2014

Before KING, GREGORY, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Edwin S. Booth, SHUTTLEWORTH, RULOFF, SWAIN HADDAD & MORECOCK, PC, Virginia Beach, Virginia, for Appellant. Dana J. Boente, United States Attorney, Kimberly R. Pedersen, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Lester Roudabush, Jr., was convicted after a jury trial of one count of forgery of a passport, in violation of 18 U.S.C. § 1543 (2012) (count one), one count of use and attempted use of a false passport, in violation of 18 U.S.C. § 1543 (count two), and five counts of wire fraud, in violation of 18 U.S.C. § 1343 (2012) (counts three through seven), and was sentenced to seventy-seven months' imprisonment. On appeal, Roudabush challenges the district court's denial of his motion to suppress statements he made to law enforcement, the court's admission at trial of certain evidence, and its calculation of the loss amount attributable to him under the U.S. Sentencing Guidelines Manual ("USSG") (2012). We affirm.

We review the factual findings underlying a district court's ruling on a motion to suppress for clear error and the court's legal conclusions de novo. United States v. Hilton, 701 F.3d 959, 963 (4th Cir. 2012), cert. denied, 133 S. Ct. 1839 (2013). When evaluating the denial of a suppression motion, we construe the evidence in the light most favorable to the Government, the party prevailing below. United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011).

Pursuant to the Fifth Amendment, no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. This privilege against self-incrimination

2

is protected by the warnings required by <u>Miranda v. Arizona</u>, 384 U.S. 436, 479 (1966), which inform an accused of his right to remain silent and his right to counsel. <u>See</u> <u>Berkemer v. McCarty</u>, 468 U.S. 420, 428 (1984) (noting that, in <u>Miranda</u>, the Supreme Court afforded protection to the Fifth Amendment privilege against compelled self-incrimination "from the coercive pressures that can be brought to bear upon a suspect in the context of custodial interrogation"). When an "accused indicates that he wishes to remain silent, the interrogation must cease. If he requests counsel, the interrogation must cease until an attorney is present." <u>Edwards v. Arizona</u>, 451 U.S. 477, 482 (1981) (internal quotation marks omitted). An accused who has invoked his rights to silence and counsel may, however, validly waive those rights. If an accused invokes his right to counsel, a court "may admit his responses to further questioning only on finding that he (a) initiated further discussions with the police, and (b) knowingly and intelligently waived the right he had invoked." <u>United States v. Cummings</u>, 937 F.2d 941, 946 (4th Cir. 1991) (internal quotation marks omitted).

After review of the record and the parties' briefs, we conclude that the district court did not reversibly err in determining: that questioning of Roudabush ceased after he invoked his rights to silence and counsel during custodial

3

interrogation; that, after invoking these rights, Roudabush initiated further discussions with law enforcement; and that Roudabush did not volunteer an incriminating statement until he was advised of his rights under Miranda and indicated he understood them. We further find no merit to Roudabush's assertion that the actions of Agent Nelson — the agent to whom Roudabush gave the incriminating statement — prior to advising him of his Miranda rights amounted to the functional equivalent of improper interrogation. See Rhode Island v. Innis, 446 U.S. 291, 300-03 (1980).

Next, Roudabush argues that the district court abused its discretion by admitting at trial prejudicial evidence of his prior bad acts in support of counts three through seven. This court reviews the district court's admission or exclusion of evidence for abuse of discretion. United States v. Lighty, 616 F.3d 321, 351 (4th Cir. 2010). A district court does not abuse its discretion unless it acts "arbitrarily or irrationally" in admitting evidence. United States v. Benkahla, 530 F.3d 300, 309 (4th Cir. 2008) (internal quotation marks omitted).

Under Rule 404(b) of the Federal Rules of Evidence, a district court should exclude from admission "[e]vidence of a crime, wrong, or other act" if such evidence is offered "to prove a person's character in order to show that on a particular

4

occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, evidence of other bad acts "may be introduced if it concerns acts intrinsic to the alleged crime because evidence of such acts does not fall under Rule 404(b)'s limitations to begin with." United States v. Otuya, 720 F.3d 183, 188 (4th Cir. 2013) (internal quotation marks and alteration omitted), cert. denied, 134 S. Ct. 1279 (2014). In this Circuit, evidence of other bad acts is "intrinsic" if "it arose out of the same series of transactions as the charged offense or if it is necessary to complete the story of the crime on trial." United States v. Kennedy, 32 F.3d 876, 885 (4th Cir. 1994) (internal quotation marks and alterations omitted).

It is clear after review of the record that the evidence to which Roudabush objects — evidence from Agent Nelson and William Adams, Jr., concerning their investigation of his activity in returning merchandise and obtaining refunds from JC Penney department stores — was admissible because it was connected with and explanatory of the fraud charged in counts three through seven such that its proof was appropriate to complete the story of those crimes. Id. at 885-86. The district court thus did not abuse its discretion in allowing the admission of the evidence.

Finally, Roudabush challenges the district court's application of a fourteen-level enhancement to his base offense

level under USSG § 2B1.1(b)(1)(H) for a loss exceeding $400,000, arguing that the court erred in its calculation of the loss amount.

Enhancements under USSG § 2B1.1(b) are to be determined by the amount of loss suffered as a result of the fraud. The loss amount is the greater of the actual loss or the intended loss. USSG § 2B1.1, cmt. n.3(A). "Actual loss" means "the reasonably foreseeable pecuniary harm that resulted from the offense." Id. cmt. n.3(A)(i). "Reasonably foreseeable pecuniary harm" means "pecuniary harm that the defendant knew or, under the circumstances, reasonably should have known, was a potential result of the offense." Id. cmt. n.3(A)(iv). Further, Application Note 3(C) to USSG § 2B1.1 provides that the district court need only make a reasonable estimate of the loss.

In calculating a fraud loss, a sentencing court must apply principles of relevant conduct. United States v. Bolden, 325 F.3d 471, 498 (4th Cir. 2003). Pursuant to USSG § 1B1.3, specific offense characteristics such as the fraud loss properly attributable to a defendant must be determined on the basis of, inter alia, "the acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by [the] defendant." Id. (citing USSG § 1B1.3(a)(1)(A)). The district court's determination of a loss attributable to a fraud scheme is a factual matter reviewed for clear error.

6

<u>United States v. Allmendinger</u>, 706 F.3d 330, 341 (4th Cir.), <u>cert. denied</u>, 133 S. Ct. 2747 (2013).

In this case, the presentence report ("PSR") recommended application of the fourteen-level enhancement under USSG § 2B1.1(b)(1)(H) for a loss exceeding $400,000 but less than $1,000,000 because the loss JC Penney suffered as a result of Roudabush's retail fraud was at least $620,800. In reaching this conclusion, the PSR relied on Roudabush's own statements regarding his earnings from his fraud at JC Penney and the length of time he perpetrated the fraud and an analysis by JC Penney of the loss it suffered as a result of Roudabush's fraud. The district court adopted the PSR's finding of the loss amount and applied the fourteen-level enhancement.

On appeal, Roudabush argues that the district court erred in relying on his statement and JC Penney's analysis in calculating the loss amount. Roudabush, however, has not asserted any challenge to the accuracy or correctness of this information. As Roudabush made no affirmative showing in the district court that the information in the PSR was incorrect, the court was free to adopt and rely on the information therein in sentencing him. <u>See</u> <u>United States v. Randall</u>, 171 F.3d 195, 210-11 (4th Cir. 1999) ("If the district court relies on information in the presentence report (PSR) in making findings, the defendant bears the burden of establishing that the

information relied on by the district court in making its findings is incorrect; mere objections are insufficient."); United States v. Love, 134 F.3d 595, 606 (4th Cir. 1998) ("Without an affirmative showing the information [in a PSR] is inaccurate, the court is free to adopt the findings of the [PSR] without more specific inquiry or explanation." (internal quotation marks omitted)). The relevant conduct in the PSR easily establishes a loss exceeding $400,000. We therefore conclude that the district court did not reversibly err in holding Roudabush accountable for a loss exceeding $400,000 but less than $1,000,000 and applying the fourteen-level enhancement under USSG § 2B1.1(b)(1)(H).

Accordingly, we affirm the district court's judgment. We deny Roudabush's pro se motion to recuse all judges of the Fourth Circuit, United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003), and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

8